IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**

06/03/3036

**Clerk, U.S. District Court**
**By: SND Deputy Clerk**

MAXIM TKACHENKO,                          )
                                          )
                    Petitioner,           )
                                          )
        v.                                )    Case No. 26-3083-JWL
                                          )
MISTY MACKEY, Warden,                     )
    Midwest Regional Reception Center;    )
TODD M. LYONS, Acting Director, ICE; and  )
Attorney General of the United States,    )
                                          )
                    Respondents.          )
                                          )
                                          )
_____   )

## MEMORANDUM AND ORDER

Petitioner, acting *pro se*, has filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials without a bond hearing. For the reasons set forth below, the Court **grants** the petition in part. Respondents are ordered to ensure that petitioner receives a bond hearing on or before **June 15, 2026**, and to provide notice to this Court once that bond hearing has been conducted. The Court denies petitioner's request for further relief concerning that hearing.

Petitioner is a native of Ukraine who was admitted to the United States in 1994 and became a lawful permanent resident in 2009. In 2012, petitioner was convicted in federal court of a conspiracy to commit hostage taking and a firearm offense, and he was eventually sentenced to a term of imprisonment of 180 months. On January 6, 2025, removal proceedings were initiated against petitioner by issuance of a Notice to Appear (NTA); and

on January 10, 2025, petitioner was taken into custody by immigration officials upon his release from federal custody for his convictions.  On July 7, 2025, an immigration judge ordered petitioner's removal to Ukraine while denying his applications for asylum, cancellation of removal, withholding of removal, or deferral of removal.  On August 5, 2025, petitioner filed an appeal of the removal order to the Board of Immigration Appeals (BIA), but that appeal remains pending, with no briefing schedule set.  Petitioner is presently detained within this judicial district.  On April 10, 2026, petitioner filed the instant habeas petition.  Respondents have filed an answer to the petition, and petitioner has filed a traverse, and the matter is therefore ripe for ruling.

As his sole claim, petitioner asserts that his detention pursuant to 8 U.S.C. § 1226(c) without a bond hearing violates due process.  That statute requires mandatory detention for certain aliens, including those deportable by reason of having committed certain criminal offenses.  *See id.*  Petitioner does not dispute that he has committed such offenses and is therefore subject to mandatory detention by Section 1226(c).

As respondents note, in *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court held that although aliens are entitled to due process in immigration proceedings, their mandatory detention under Section 1226(c) without a determination concerning danger to society or the risk of flight is constitutional.  *See id.*[1]  Subsequently, in *Jennings v. Rodriguez*, 583 U.S. 281 (2018), the Supreme Court held that Section 1226(c) itself does not grant any right to a bond hearing after any particular amount of time.  *See id.*  In

---

[1] The Supreme Court first concluded that 8 U.S.C. § 1226(e) did not deprive courts of jurisdiction to consider such a constitutional claim.  *See Demore*, 538 U.S. at 516-17.

*Demore*, however, the Court's specific holding was that Congress, out of concern that non-detained aliens continue to engage in crime or fail to appear for removal proceedings, could require detention "for the *brief* period necessary" for those proceedings, *see Demore*, 538 U.S. at 513 (emphasis added); and it relied in part on statistics showing that in the great majority of cases involving detention under Section 1226(c), removal proceedings are concluded in an average time of 47 days (with a median of 30 days), with the other cases resolved after an appeal lasting an average of four months, *see id.* at 529; *see also id.* at 531 (concluding that the detention of the petitioner "for the *limited* period of his removal proceedings" was constitutional) (emphasis added).  In a concurring opinion (in a 5-4 decision), Justice Kennedy noted that the ultimate purpose behind detention under Section 1226(c) is premised on the alien's deportability; and he further acknowledged the possibility of an as-applied constitutional challenge to such detention as follows:

> [S]ince the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien . . . could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified.  Were there to be an unreasonable delay by the INS in pursuing and completing deportation proceedings, it could become necessary then to inquire whether the detention is not to facilitate deportation, or to protect against the risk of flight or dangerousness, but to incarcerate for other reasons.

*See id.* at 531, 532-33 (Kennedy, J., concurring) (citations omitted).

Since *Demore* and *Jennings* were decided, courts have entertained as-applied due process challenges to detention under Section 1226(c) without a bond hearing.  *See Nguyen v. Carter*, 2026 WL 522650, at *2 (D. Kan. Feb. 25, 2026) (Lungstrum, J.) (citing cases). This Court has considered such a challenge in two cases.  *See id.* at *2-4; *Moreno-Bastidas*

3

*v. Barr*, 2020 WL 3639774, at *8-10 (D. Kan. July 6, 2020) (Lungstrum, J.).  In those cases, the Court considered the following six factors typically used by courts to assess such an as-applied due process claim to mandatory detention without a bond hearing under Section 1226(c):

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*See Nguyen*, 2026 522650, at *2 (quoting *Moreno-Bastidas*, 2020 WL 3639774, at *8-9).

Respondents argue against use of such a multi-factor test, citing *Banyee v. Garland*, 115 F.4th 928 (8th Cir. 2024), but, for the reasons discussed above, the Court does not agree with the Eighth Circuit's conclusion in *Banyee*, *see id.* at 931-33, that the Supreme Court's cases foreclose an as-applied due process challenge if removal proceedings are still pending.  Accordingly, the Court will assess petitioner's claim under the factors that it has applied in its prior cases.  The Court concludes that those factors, considered together, weigh in favor of petitioner and his claim of a due process violation based on his detention without a bond hearing.

*First*, petitioner has been detained for nearly 17 months.  That is certainly not the "brief" period for removal proceedings assumed by Supreme Court in *Demore*, and is a significantly longer period of time than suggested by the statistics on which the Court relied in that case.  Thus, this factor weighs in petitioner's favor.

*Second*, with respect to future detention, it is unknown when petitioner's appeal will be resolved, as the BIA has not even set a briefing schedule, and respondents have offered

no clues as to a likely timeline.  In addition, respondents have not provided evidence or even speculation concerning how easily petitioner's removal may be accomplished if the Government prevails in the appeal to the BIA.  Thus, although it would seem that there must be an endpoint to petitioner's detention, it is difficult to determine when that endpoint may occur.  Thus, this factor weighs somewhat in petitioner's favor.

*Third*, with respect to the conditions of petitioner's confinement, petitioner argues that his confinement has been more punitive than necessary.  Weighing the evidence submitted by both sides, however, the Court concludes that petitioner has not shown that the present conditions of his confinement are atypical or particularly harsh in light of his criminal history, which has resulted in a higher security classification for petitioner in detention.  This factor does not weigh for or against petitioner.

*Fourth and fifth*, some of the delay in the removal proceedings prior to issuance of the removal order may be attributed to continuances to accommodate the immigration court's schedule and preparation of petitioner's applications for relief.  Moreover, it has not been shown that the Government has engaged in any misconduct or shown bad faith here.  Most of the delay in this case has resulted from petitioner's exercise of his right to appeal the removal order.  At this point, however, the delay in the appeal's resolution may be primarily attributed to the BIA – an arm of the Executive Branch of the Government – which has still not set a briefing schedule ten months after petitioner filed the appeal.  In addition, as petitioner points out, his removal proceedings could have progressed while he was still in federal custody on his criminal convictions – as shown by evidence that the Government knew by early 2024 that it would be acting on the 2023 detainer placed on

petitioner – but the Government instead waited until his release date to initiate removal proceedings with the NTA.[2]  These delays by the Government have prolonged petitioner's removal proceedings well beyond the period contemplated by the Supreme Court in *Demore*.  Therefore, the Court weighs this factor in petitioner's favor.

*Sixth*, the likelihood that petitioner's removal proceedings will ultimately result in an order of removal cannot easily be determined by the Court.  Respondents point to the immigration judge's order, but the written order in the record does not include any reasoning by that court, and instead states that the judge's oral decision represents the immigration court's official opinion – and respondents have not provided a transcript or any other evidence concerning the substance of the judge's reasoning.[3]  Petitioner claims that his appeal to the BIA has merit, but he also has failed to provide evidence concerning the basis for the immigration court's decision,[4] and thus the Court is unable to consider the likelihood of the appeal's success.  The Court, then, is left only with the fact that the immigration judge ordered removal and denied petitioner's applications for relief, and thus petitioner has not established that this factor weighs in his favor.

---

[2]  Although petitioner made this point in his reply brief, respondents have not sought to supplement their answer to offer any reason for that delay.

[3]  There is no basis for respondents' description of the written order as "well reasoned," as that order contains only a boilerplate recitation of the standards governing the decision without any application of those standards or other reasoning.

[4]  Petitioner states that a transcript was not available to him, but he has failed to provide other evidence – in the form of a declaration from him or his counsel in the immigration court proceedings, for instance – concerning the basis for the immigration court's decision.

6

As a whole, these factors do not weigh against the Government as much as they did in *Nguyen*, in which the Court granted relief, as in that case the petitioner had been detained for nearly 21 months and had prevailed before the immigration judge, with the Government taking the appeal to the BIA. *See Nguyen*, 2026 WL 522650, at *2-3. The length of the detention in this case, however, makes petitioner's claim more compelling than the claim in *Moreno-Bastidas*, in which the petitioner had been detained only for a period of five months. *See Moreno-Bastidas*, 2020 WL 3639774, at *10. Although, it is a close case, the Court is ultimately persuaded by the fact that petitioner has now been detained for nearly 17 months, seemingly with no end in sight, given the BIA's refusal to consider the appeal – or even set a briefing schedule – in a timely fashion. Respondents have not attempted to explain that delay or even to hazard a guess as to when a decision may actually be issued by the BIA. The Court therefore concludes that petitioner's continued detention without a bond hearing has become unreasonable and is no longer supported by a purpose to effect removal. As Justice Kennedy noted, the underlying purposes of detention relating to dangerousness and risk of flight may be tested (as applied to the alien) in a bond hearing addressing those issues. *See Demore*, 538 U.S. at 531-32 (Kennedy, J., concurring).

Accordingly, the Court concludes that due process requires that petitioner be granted a bond hearing, and the Court grants the petition to that extent. Respondents are ordered to ensure that petitioner receives a bond hearing – on the same terms as if petitioner

were detained under Section 1226(a) – on or before **June 15, 2026**, and to provide notice to this Court once that hearing has been conducted.[5]

Finally, the Court denies petitioner's further request for an order imposing various conditions for the bond hearing. The Court concludes the terms of the hearing are better left to the immigration judge in the first instance. *See Nguyen*, 2026 WL 522650, at *4. The Court denies the petition to that extent.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted** in part. Respondents are ordered to ensure that petitioner receives a bond hearing on or before **June 15, 2026**, and to provide notice to this Court once that bond hearing has been conducted. The Court denies petitioner's request for further relief concerning that hearing.

IT IS SO ORDERED.

Dated this 3rd day of June, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[5] The Court denies petitioner's request for release.