IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**

07/20/2026

**Clerk, U.S. District Court**
**By: SND Deputy Clerk**

MAXIM TKACHENKO,　　　　　　　　）
　　　　　　　　　　　　　　　　　）
　　　　　　　　Petitioner,　　　　）
　　　　　　　　　　　　　　　　　）
v.　　　　　　　　　　　　　　　　）　　Case No. 26-3083-JWL
　　　　　　　　　　　　　　　　　）
MISTY MACKEY, Warden,　　　　　 ）
　　Midwest Regional Reception Center;　）
TODD M. LYONS, Acting Director, ICE; and　）
Attorney General of the United States,　　）
　　　　　　　　　　　　　　　　　）
　　　　　　　　Respondents.　　　）
　　　　　　　　　　　　　　　　　）
_____ )

## MEMORANDUM AND ORDER

By Memorandum and Order of June 3, 2026, the Court granted petitioner's *pro se* habeas petition in part, holding that petitioner's continued detention without a bond hearing under 8 U.S.C. § 1226(c) (which makes detention mandatory for certain criminal aliens before a final removal order) violated due process, and ordering a bond hearing as if petitioner were detained under 8 U.S.C. § 1226(a) (which provides for discretionary release on bond). The ordered bond hearing took place on June 11, 2026, and the immigration judge (IJ) denied release on bond, finding that petitioner would present a danger to the community if released. Petitioner has now filed a motion to enforce the Court's prior order (Doc. # 11), arguing that he did not in fact receive a meaningful hearing on the merits. For the reasons set forth below, the Court **denies** the present motion.

Petitioner notes that the IJ relied on his criminal history in finding dangerousness, and he argues without citation to authority that his 2012 criminal conviction, which made his detention mandatory under Section 1226(c), should not be dispositive of his bond request, as detention has essentially remained mandatory without the individualized consideration ordered by the Court.  The Court rejects that argument, as the IJ did not merely rely on the fact of that conviction.  Rather, the IJ cited both petitioner's lengthy criminal history, which included a number of other convictions and arrests, and the seriousness and details of the offense underlying the 2012 conviction.

This Court lacks jurisdiction to review the merits of an immigration judge's denial of release on bond, *see Chen v. Dorneker*, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021) (Lungstrum, J.) (citing 8 U.S.C. § 1226(e)), and petitioner insists that he is not asking the Court to undertake such a review here.  In essence, however, he is asking the Court to do just that, as he argues that the IJ relied too heavily on his criminal history and did not give enough consideration to the evidence of his rehabilitation.  Petitioner's criminal history would of course be relevant to whether he would present a danger upon release, and the Court may not second-guess that decision.[1]

---

[1] Petitioner especially challenges the IJ's refusal to rule in his favor based on his expert's opinion, presented in a prior immigration hearing, that there is little or no likelihood that petitioner would reoffend.  Petitioner cites a Government stipulation, but the Government did not stipulation that petitioner would not reoffend or that he did not present a danger; rather it stipulated only that the expert would credibly testify to that opinion, and the IJ was free to consider whether that evidence was outweighed by the criminal history evidence.

The record shows that petitioner was granted a bond hearing at which his counsel was permitted to present evidence and make arguments, and the IJ cited evidence in denying bond. Accordingly, petitioner has not shown that the Government did not comply with this Court's prior order requiring a bond hearing on the merits, and the Court therefore denies the present motion.

IT IS THEREFORE ORDERED BY THE COURT THAT petitioner's motion to enforce the Court's prior order (Doc. # 11) is hereby **denied**.

IT IS SO ORDERED.

Dated this 20th day of July, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge